IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.       ) | Criminal No. 3:16-15J |
| ) | |
| KENNETH SCOTT BOYD ) | |

**Position of Defendant with Respect to Sentencing Factors**

AND NOW comes the defendant, Kenneth Scott Boyd, by his attorney, Assistant Federal Public Defender Christopher B. Brown, and pursuant to Fed. R. Crim. P. 32(f), U.S.S.G. § 6A1.2(b), and LCrR 32(C)(4), respectfully presents the following Position of Defendant with Respect to Sentencing Factors:

1. Mr. Boyd and undersigned counsel have received the Presentence Report ("PSR") prepared in this matter and have had the opportunity to review its contents together.

2. Additionally, pursuant to LCrR32, counsel has pursued Administrative Resolution with U.S. Probation Officer ("USPO") Brian Frycklund and Assistant United States Attorney Stephanie Haines. Specifically, counsel certifies that he has conferred with opposing counsel and the USPO in a good faith effort to resolve any disputed matters.

3.     After Administrative Resolution undersigned counsel does not have any objections to the PSR.

4.     Counsel does, however, alert the Court to one discreet issue.  The PSR accurately sets forth the law regarding special assessments as follows:

> A special assessment of $100 is mandatory. 18 U.S.C. § 3013. The defendant is also subject to the provisions of the Justice for Victims of Trafficking Act of 2015. In addition to the assessment imposed under section 3013, the court shall assess an amount of **$5,000, per count, on any non-indigent person** or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). 18 U.S.C. § 3014.

PSR ¶78 (**emphasis added**).   The PSR also correctly notes that Mr. Boyd, while represented by prior counsel, entered into a plea agreement with the United States in which he "agreed to pay a special assessment of $5,100." PSR ¶12. This provision of the plea agreement makes no mention of the statutory exception noted in the paragraph 78 of the PSR for those, like Mr. Boyd, who are indigent and therefore not subject to the $5,000 special assessment pursuant to 18 U.S.C. § 3014.   Undersigned counsel brought this to the attention of the United States Attorney's Office and was advised that should Mr. Boyd claim to be indigent, that

making such a claim would not be a breach of his plea agreement with the United States.   Mr. Boyd does make such a claim.

Mr. Boyd is indigent and therefore is not subject to the $5,000 special assessment.   According to the PSR, Mr. Boyd is incarcerated, has no income, and has qualified for the services of the Federal Public Defender's Office at no cost to him.   *See* PSR ¶ 67.   Prior to his incarceration his family was "nearly bankrupt."   *Id.*   His wife, who has relocated to Texas since his incarceration, has been struggling to pay the bills.   *See id*.   Mr. Boyd has one asset, a vehicle, valued at $1,000.   *See id.*   In 2016, he and his wife sold their home valued at $29,480.00 – yet those funds were completely exhausted on basic living expenses and to pay legal fees for prior counsel who was privately retained but later withdrew.   *See* PSR ¶ 68.   Given the above, it is Mr. Boyd's position the $5,000 special assessment should not be imposed pursuant to 18 U.S.C. § 3014.

          Respectfully submitted,

          <u>s\ **Christopher B. Brown**</u>
          Christopher B. Brown
          Assistant Federal Public Defender
          PA I.D. No. 85117